**FILED**
**Jan 04, 2021**
**09:39 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **GREG HIBBITTS,** | ) | **Docket No.: 2020-020384** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 48762-2020** |
| **KIM ROYAL DBA** | ) | |
| **ROYAL GUTTERING** | ) | **Judge: Brian K. Addington** |
| **Employer.** | ) | |

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

This case came before the Court on Mr. Hibbitts's second Request for an Expedited Hearing on the Record.[1]  The issue is whether he is likely to prove at trial that he is entitled to medical and temporary benefits for his alleged July 15, 2020 injuries.  Royal Guttering did not respond to his request.  Nevertheless, for the reasons below, the Court denies the requested benefits.

### History of Claim

Mr. Hibbitts worked as a laborer for Royal, who paid him every Friday in cash.  He worked at $10.00 per hour for forty to sixty hours per week depending on the weather.  Royal provided the tools and directed the work.  Both parties were free to terminate the employment at any time.

Mr. Hibbitts was on the roof of a worksite on July 15, 2020, instructing a co-worker how to clean a gutter, when he fell.  After the fall, a co-worker called an ambulance, and Mr. Hibbitts treated at a local hospital.  Royal did not have workers' compensation insurance coverage at the time.  Mr. Hibbitts notified the Bureau about the injury on July 30, 2020.  An investigator with the Bureau filed an Expedited Request for Investigation Report, which asserted that Royal employed Mr. Hibbitts and confirmed Royal did not have workers' compensation insurance on the date he was injured.

---

[1] Mr. Hibbitts filed a Request for Expedited Hearing determination on the record on September 10, 2020.  This Court issued an Order denying a record determination without additional documentation.  He responded by filing the present Request for Expedited Hearing.

1

According to the Dispute Certification Notice, Mr. Hibbitts requested medical and temporary disability benefits. He did not support his request with medical records, medical opinions regarding his injury or work status, or medical bills. Although Royal asserted defenses according to the DCN, it filed no response to the present request.

## Findings of Fact and Conclusions of Law

Mr. Hibbitts must show he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). To do so, he must present evidence that he suffered an injury "arising primarily out of and in the course and scope of employment, that causes . . . disablement or the need for medical treatment[.]" Tenn. Code Ann. § 50-6-102(14).

Mr. Hibbitts provided uncontroverted evidence that he fell and was taken to a hospital. However, he failed to provide any medical records from the hospital documenting the nature of the injury, his treatment, or the need for continued medical treatment. Further, he offered no evidence regarding any periods of temporary disability. For these reasons, the Court cannot conclude that he would be successful at trial in proving his entitlement to medical and temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Hibbitts's request for benefits is denied at this time.

2. The parties must contact Traci Haynes, staff attorney, no later than January 15, 2021, and provide availability for a status conference. Ms. Haynes may be reached at **traci.haynes@tn.gov** or **423-854-5163**.

**ENTERED January 4, 2021.**

 

 

**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Affidavits of Mr. Hibbitts (9/10/2020 and 11/18/2020)
2. Expedited Request for Investigation Report
3. Employee's Position Statement (8/20/2020)

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Requests for Expedited Hearing (9/10/2020 and 11/18/2020)
4. Order Denying on the Record Determination
5. Docketing Notice

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on January 4, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Phillip Strang, Employee's Attorney | | | X | phillip@foxandfarmer.com |
| Kim Royal, Employer | X | | X | kimroyal13@gmail.com 512 Fernwood Dr. Kingsport, TN 37663 |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*